JOHN AND CHARLES MULLEN vs. LEWIS A. MULLEN.

In this case plaintiffs in error complied with all the requirements of law, in taking an appeal from a justice court to the District Court. Before the

Dec. 1862.] JOHN & CHARLES MULLEN vs. LEWIS A. MULLEN. 193

transcript was certified to the upper Court the records in the justice office were destroyed by fire. *Held*, That plaintiffs in error were entitled to have their cause docketed in the District Court in order to show the facts and supply the missing records; after which appeal should be heard as in other cases.

The justice court was not the proper court to supply the destroyed records.

The refusal of the District Court to docket the cause and allow the record to be supplied, as aforesaid, constitute a final judgment reviewable in this Court.

Error to First Judicial District.

Opinion by WYCHE, Justice.

The record in this case shows that Lewis Mullen, the defendant in error, instituted an action of "Forcible Entry and Detainer" against John and Charles N. Mullen, the plaintiffs in error, before J. M. Hendrick, a justice of the peace, of Walla Walla County, and upon the trial of the same, judgment was rendered by the justice in favor of Lewis A. Mullen, the plaintiff in that Court, and the defendant in error here, and that upon the rendition of said judgment, the plaintiffs in error filed their bond and performed all the other acts required by statute in cases of appeals, paying the Justice the fees allowed by law, and that said appeal was then and there allowed by said justice.

It further appears that between the allowance of this appeal and the next ensuing term of the District Court, and before the transcript in this case had been transmitted, the dwelling of the justice was consumed by fire together with his docket and all the papers connected with this cause. Upon such a state of facts, upon the first day of the ensuing term of the District Court, there being no transcript of this cause, in the District Court, as required by law, "Bridges & Turney" counsel for plaintiffs in error, moved the Court that this cause be entered upon the docket to the end that the original papers consumed by the flames might under the direction of the Court be substituted, and the appeal heard and determined, which motion was overruled by the Court to which ruling plaintiffs in error excepted and prosecute this writ of error.

Whatever destructive power the flames may possess, they

may not consume legal rights, and if in any case they destroy the deeds, papers, or other evidences of these rights, the party damaged may supply these original papers by substituted copies duly proven, or by such other secondary evidences as may be lawful and just.

1 Greenleaf on Evidence, Sec. 84 and notes; and Sec. 508 and notes.

It often occurs that on the first day of the term of the District Court the justice of the peace has failed to funish to the appellant a transcript of the proceedings tổ be filed in the Court and in such case the practice has always been to permit the case on motion to be docketed in order that a rule may issue against the justice to deliver such transcript.

The cause is docketed to give a party a status in Court. In this case as the appellants had complied with all the requirements of the statute in cases of appeal and as no transcript had been made and delivered to the appellants they clearly had the right to have their cause docketed in order that they might take such steps as might be requisite and lawful for the hearing and determining of their rights.

It has been argued, however, by counsel of defendant in error that it was the duty of the appellants to have applied to the justice for copies of these papers destroyed.

There is no provision in our statute authorizing a justice to send up a transcript of a case as it may exist in his memory, or to send up any other papers than such as were filed with him, and besides this it is for the Court, before whom the substitution of lost or destroyed papers is to be made, to determine and direct how such substitution be made and not for the justice of the peace to determine for the District Court what papers in such cases shall be substituted and how such substitution shall be proven.

The position of defendant in error that the ruling of the Court below is not a final judgment, order or decision, which may be re-examined in this Court is not tenable. The over-ruling of the motion was a denial to the plaintiffs in error of a right to be heard in the Court below and was in that Court a final disposition of the case, and as such may be re-examined in this Court.